Mildred CROUCH, Appellant
(Plaintiff Below),

v.

Anthony Wayne HALL, Thomas E. Breen,
Individually and in his capacity as Po-
lice Officer for the City of Indianapolis;
Robert S. Hoke, Individually and in his
capacity as Police Officer for the City of
Indianapolis; Floyd J. Swails, Individu-
ally and in his capacity as Police Officer
for the City of Indianapolis, Appellees
(Defendants Below).

No. 1–779A204.

Court of Appeals of Indiana,
First District.

June 23, 1980.

Rehearing Denied July 22, 1980.

Belle T. Choate, Indianapolis, for appel-
lant.

John P. Ryan, John L. Lisher, Jane A.
Crum, Indianapolis, R. Michael Gholston,
Franklin, John C. Ruckelshaus, Indianapo-
lis, for appellees.

ROBERTSON, Presiding Judge.

Mildred Crouch brought suit against
three police officers, individually and in
their capacity as officers, for failure to
properly investigate a rape of a third per-
son by one Anthony Wayne Hall and to
detect and apprehend Hall, who one week
later raped and murdered Mildred Crouch's
daughter Jeanne Crouch. The officers, af-
ter their motion to dismiss was denied, an-
swered and moved for summary judgment
based on immunity under the Tort Claims
Act *Ind. Code* 34–4–16.5–3. The motion
was granted and Mildred Crouch appeals.

We affirm.

It is well settled that our standard of
review of a summary judgment is to exam-
ine whether there is a genuine issue as to
any material fact and whether the moving
party is entitled to a judgment as a matter
of law. Ind. Rules of Procedure, Trial Rule
56(C).

We first note that there is a great deal of
dispute between the parties as to the facts

regarding the quality and extent of the third party rape investigation. The third party rape victim alleges that the officers were unwilling to interview her and pursue her many leads as to the location and identity of the rapist, in spite of her allegation that she warned the officers of the danger to women in the area. The police officers allege that the rape victim was unresponsive and unavailable for interviews. They also allege that their involvement in the investigation was minimal and peripheral.

However, it is only a *material* factual issue that must exist in order for summary judgment to be disallowed, that is, a factual issue that will facilitate resolution of any of the factual issues either for or against the party having the burden of proof. For two reasons, we think that the law precludes judgment for the plaintiff based on either set of the disputed facts alleged, and thus, summary judgment was properly granted.

■ First, we hold that the investigation of the crime in this case to be a "discretionary function" under the Indiana Torts Claims Act, IC 34–4–16.5–3(6). As stated in *Clipse v. Gillis*, (1970) 20 Wash.App. 691, 695–96, 582 P.2d 555, 558;

> The Department of Public Safety possesses the authority, and has the duty, to investigate criminal complaints made by the public. Such investigations involve evaluation, judgment and expertise in the accumulation of evidence and the establishment of a criminal case, and are fundamental to the public objective of law enforcement. We therefore regard the investigation of criminal complaints made by the police as a discretionary governmental process. In the absence of corrupt or malicious motives, public officers are not personally liable for errors or mistakes of judgment in the performance of duties involving the exercise of judgment and discretion. [Citations omitted]

See also *Board of Commissioners of Delaware County v. Briggs* (1975) 166 Ind.App. 620, 337 N.E.2d 852, (definition of discretionary act).

We disagree with Crouch's analysis that once the discretionary decision to investi-

gate is made, all further activity is ministerial. Such an analysis belittles the judgments that must be made by police officers concerning methods of investigation, quantum of evidence necessary for arrest, timing of arrest and the like. While we do not rule out a situation where a police investigation could be ministerial, we do not think there is any factual controversy presented in this case that would preclude summary judgment on this point.

■ There is a second reason why summary judgment was appropriate here. This is strictly a matter of tort law, although it has been intermixed with the discretionary/ministerial dichotomy in Indiana. See *Briggs supra; Seymour National Bank v. State*, (1979) Ind.App., 384 N.E.2d 1177, 1185. It is fundamental in tort law that for liability to attach, there must be a duty owed to a plaintiff by a defendant. *Miller v. Griesel*, (1974) 261 Ind. 604, 308 N.E.2d 701.

■ In our research we have found it overwhelmingly held that liability to an individual for damages will not lie where the officer or the public body owes a duty to the general public as a whole, but it is not shown that the officer or public body owes a specific duty or has a special relationship to the individual. *Massengill v. Yuma County*, (1969) 104 Ariz. 518, 456 P.2d 376; *Trautman v. City of Stamford*, (1975 Super. Ct.) 32 Conn.Supp. 258, 350 A.2d 782; *Henderson v. City of St. Petersburg*, (1971) Fla. App., 247 So.2d 23; *Keane v. City of Chicago*, (1968) 98 Ill.App.2d 460, 240 N.E.2d 321; *Evers v. Westerberg*, (1972) 38 App.Div.2d 751, 329 N.Y.S. 615; *Trujillo v. City of Albuquerque*, (1979) 93 N.M. 569, 603 P.2d 303; *Annot.*, 46 A.L.R.3d 1084 (1972); *Annot.*, 41 A.L.R.3d 700 (1972).

*Massengill* is a representative case. By-passing immunity arguments, the court focused on the relationship of duty between an officer, who allegedly failed to stop drag racers who passed the officer's vehicle, and a motorist who was injured by the racers. The court, as many others, relied on a statement in Cooley, Torts, § 300 (4d ed.) in refusing liability:

if the duty which the official authority imposed upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed, if at all, in some form of public prosecution.

The special duty concept is best described by examples. In *Schuster v. City of New York*, (1958) 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534, the police promised an informant police protection, but failed to so provide. The court found a special duty. In *Gardner v. Village of Chicago Ridge*, (1966) 71 Ill.App.2d 373, 219 N.E.2d 147, a special duty was found where the police brought the victim to a place to identify assailants and the victim was attacked.

Indiana has recognized that liability will not lie for failure to prevent a "crime wave" which put a store out of business. *Simpson's Food Fair, Inc. v. City of Evansville*, (1971) 149 Ind.App. 387, 272 N.E.2d 871. Indiana has also recognized a "special duty" imposed by a statute regulating the use of emergency vehicles towards the motoring public. *Seymour National Bank v. State*, (1979) Ind.App., 384 N.E.2d 1177.

In the instant case, there is no factual dispute but that the police owed no special duty to the victim. The duty owed in the investigation of the rape was to the general public.[1]

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

---

1. It has been held that the determination of general duty versus special duty is a matter of law for the court to decide. *Doe v. Hendricks* (1979 Ct.App.) 92 N.M. 499, 590 P.2d 647.