LOIS J. LAUFENBERG *et al.*, Plaintiffs-Appellants, *v.* DIANE H. GOLAB *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81—1316

Opinion filed July 19, 1982.

Shearer, Blood, Agrella, Boose & Balog, of St. Charles (Richard H. Balog, of counsel), for appellants.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Harry Ray Chiles, Jr., and Henry J. Marquard, of counsel), for appellee Maywood Park Trotting Association.

JUSTICE GOLDBERG delivered the opinion of the court:
Lois J. Laufenberg (plaintiff) and Melvin Laufenberg, her husband, brought suit against Diane H. Golab, Maywood Park Trotting

Association (defendant), Village of Maywood, Proviso Township and County of Cook. Plaintiff was injured by an automobile driven by Diane H. Golab while plaintiff was crossing a public street in the Village of Maywood, in Proviso Township, County of Cook.

Plaintiff's original complaint consisted of six counts. This appeal, by plaintiff and her husband, is concerned only with counts V and VI, which contain the allegations against defendant. Plaintiff filed first amended counts V and VI. The trial court sustained a motion of defendant to dismiss these counts under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45), on the theory that plaintiff failed to allege facts which would impose a legal duty upon defendant. Ill. Rev. Stat. 1979, ch. 110, par. 45.

Amended count VI sets out the claim of plaintiff's husband for loss of consortium. Amended count V alleges that on March 6, 1980, plaintiff walked in an easterly direction across 5th Avenue at its intersection with the entrance to the stable area maintained by defendant. At that time Diane H. Golab was operating her motor vehicle in a northerly direction upon 5th Avenue, a duly dedicated public street. The defendant conducts harness-horse races at that location "and does solicit and encourage individuals to race their horses at Maywood Park." Defendant "did solicit and encourage plaintiffs to race" their horses and knew that plaintiff used stables for her horses on the west side of 5th Avenue.

The amended complaint alleges defendant "had a duty to provide safe access across said 5th Avenue from the stable areas located on either side of 5th Avenue." The defendant "negligently and carelessly failed to provide adequate and safe conveyance across the aforesaid 5th Avenue." Plaintiff was struck and injured by the Golab automobile without plaintiff's fault. The complaint as amended also contains allegations to the effect that defendant failed to exercise reasonable diligence, failed to have signals in the vicinity of the intersection, failed to furnish adequate crossing guards and failed to maintain a crosswalk.

Authority need hardly be cited to the effect that the complaint for damages resulting from the negligence must necessarily allege "the existence of a duty owed by the defendant to the plaintiff ***." (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, citing *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541, 301 N.E.2d 307.) In addition, the existence of duty, "the legal obligation imposed upon one for the benefit of another, is a question of law to be determined by the court." *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 555, 328 N.E.2d 538, and cases there cited.

Consequently, our first inquiry is whether as a matter of law defendant owed plaintiff a duty to take steps to prevent injury to plaintiff. Making a general examination of this question, first it is difficult to find the existence of a legal duty. Clearly, the mishap occurred on a public street over which the defendant had no legal authority. Also, the mishap did not result from the condition of the street itself. However, we will examine the authorities upon which plaintiff relies to establish the existence of a legal duty.

In *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865, plaintiff was a patron of a skating rink. While on the premises owned by defendant, plaintiff placed her arm upon a guardrail and was injured by a wooden splinter. (59 Ill. App. 3d 552, 554.) Clearly, plaintiff there received her injury directly from the condition of the premises owned and maintained by defendant. In the case at bar plaintiff was injured on a public street and not by virtue of any inherent defect of the street itself.

In *McGourty v. Chiapetti* (1962), 38 Ill. App. 2d 165, 186 N.E.2d 102, *appeal denied* (1963), 26 Ill. 2d 627, plaintiff and his truck driver used defendant's loading dock. In attempting to leave the loading area plaintiff "stepped on a concrete block located on the concrete floor of the loading area." (38 Ill. App. 2d 165, 170.) Ice and snow had accumulated on the block. This court affirmed a judgment in favor of plaintiff. Plaintiff in the case at bar cites *McGourty* as extending liability beyond the precise boundaries of the defendant's premises. As shown, the concrete block there was on the concrete floor of the loading area.

It is correct, as plaintiff urges as a matter of law, that the duty of the owner of property may be extended by the facts in a particular case so as to require the furnishing of reasonably safe means of ingress and egress to invitees. This is carefully expressed in cases such as *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369. There, plaintiff was a patron of a tavern. She was injured in attempting to leave. She left the exit door and crossed a sidewalk between parked cars. She fell as a result of stepping into an artificial hole in the parkway. As pointed out by this court, there is a legal duty to provide invitees "with reasonably safe means of ingress and egress" and "within limitations dictated by the facts of the case, beyond the precise boundaries of such premises." 1 Ill. App. 3d 345, 351.

The citator leads us to *Harris v. Union Stock Yard & Transit Co.* (1975), 29 Ill. App. 3d 1072, 331 N.E.2d 182. This case states the same rule and uses the same language (29 Ill. App. 3d 1072, 1076):

"Plaintiff has alleged that defendants owed him a duty to provide a safe means for him to travel from the Amphitheatre to his automobile after completing work on February 8, 1969. Defendant Union agrees that there is a duty to provide an invitee with a reasonably safe means of ingress and egress, both within the premises owned or controlled by the inviter, and, within limitations dictated by the facts of the case, beyond the precise boundaries of the premises. [Citations.]"

The important language to be noted there is that "the facts of the case" dictate the extent of the duty "beyond the precise boundaries of the premises."

We find the same distinction made in *Decker v. Polk Brothers* (1976), 43 Ill. App. 3d 563, 357 N.E.2d 599. In both *Decker* and *Harris* this court held there was no liability upon the owner of the property.

■ The dispositive point of differentiation between each and all of these authorities and the case at bar is the fact that in all of these other cases there was a physical defect of some kind either in the premises as such, or in an area very close to the premises. Absolutely to the contrary, in the case at bar, the injuries allegedly suffered by plaintiff have no connection of any kind with the physical condition of the roadway but resulted entirely from the intervention of an independent factor beyond the control of the defendant. We find no legal duty in this regard.

■ Plaintiff urges, however, that defendant undertook to assume the duty of the safety of persons crossing the public street between the stable area and the race track operated by defendant. Therefore, plaintiff argues, even though the duty was undertaken gratuitously, the person who assumed it was obliged to discharge said duty with due care. (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74, 199 N.E.2d 769.) This statement may be theoretically correct. However, we find no factual allegation in plaintiff's complaint as amended which could conceivably justify the imposition of a legal duty upon defendant by application of that theory. The complaint alleged that "at various and diverse times" the defendant "did provide traffic control systems for horses and pedestrians crossing the aforesaid 5th Avenue." In our opinion this is a pure conclusion. It does not say when these various acts occurred and what was the nature of such acts which constituted "traffic control systems."

■ It is correct as plaintiff urges that the motion to dismiss admitted as true all properly pleaded facts (*Kendall v. Kendall* (1978), 71 Ill. 2d 374, 375, 375 N.E.2d 1280), and that all pleadings are to be

"liberally construed." (Ill. Rev. Stat. 1979, ch. 110, par. 33(3).) However, it is equally correct that pleadings "are to be construed strictly against the pleader." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421, 430 N.E.2d 976.) Also, a complaint must state a cause of action by the allegation of facts and failure to do so cannot be aided by any principle of liberal construction. (88 Ill. 2d 407, 427.) In addition, this portion of the complaint states a pure conclusion of the pleader as distinguished from an allegation of fact. Consequently this type of statement is not admitted by the filing of the motion to dismiss. (88 Ill. 2d 407, 426.) Conclusions may not take the place of facts and are not accepted as true and correct in the face of a motion to dismiss under section 45 of the Civil Practice Act. Ill. Rev. Stat. 1979, ch. 110, par. 45.

We conclude that counts V and VI of the complaint were properly dismissed by the trial court.

The order of dismissal is affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.