STATE of Indiana; Fountain County, Indiana; Ben Bowles, Ed Grubbs, Fern Cooper, Commissioners of Fountain County, Indiana; Bill Prince and Marilyn Prince, Defendants-Appellants,

v.

James F. FLANIGAN and William Eric Flanigan, Plaintiffs-Appellees.

No. 1–985A222.

Court of Appeals of Indiana, First District.

March 18, 1986.

Rehearing Denied April 23, 1986.

John L. Asbury, Rockville, Linley E. Pearson, Atty. Gen. Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Don P. Campbell, Covington, for plaintiffs-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The State of Indiana appeals the denial of its motion for judgment on the pleadings. Bill Prince and Marilyn Prince appeal the denial of their motion for summary judgment. We reverse as to both issues.

## FACTS

The essential facts alleged by the plaintiffs, James F. Flanigan and William Eric Flanigan are that Princes owned and operated a flea market business adjacent to the intersection of State Road 234 and U.S. Highway 41 in Fountain County. There was not adequate parking provided adjacent to the business, therefore, on the date in question, the Flanigans parked their vehicle on U.S. Highway 41 and while walking on or along the highway on foot to attend the flea market, they were struck by a vehicle and injured.

Flanigans assert Princes were negligent in failing to provide a safe place to park and/or adequate traffic control to allow pedestrian travel, and in failing to warn them of the dangers incident to parking adjacent to the highway and walking along the highway to attend the flea market. Flanigans claim the State of Indiana was negligent because the Indiana State Police had a duty to assure safe pedestrian and vehicular traffic on the highway and failed to provide any traffic control to assure that pedestrians could travel on the highways safely.

## ISSUES

The issues presented in this appeal, which we have restated, are:

1. Did Princes owe any duty to Flanigans to provide for their safety while walking along a public highway from where they had parked their car in order to go to Prince's business place?

2. Did the State of Indiana by and through the State Police owe any private duty to Flanigans to provide traffic control so they could safely walk along the highway to Prince's place of business?

3. Is the State of Indiana immune from liability in this action?

## DISCUSSION AND DECISION

*Issue One*

Before Princes can be held liable for negligence, it first must be shown that they owed a duty to Flanigans. Absent a duty, there can be no breach of a duty, hence, no negligence or liability based upon a breach of duty. *Wilson v. Haimbaugh* (1985), Ind.App., 482 N.E.2d 486. Whether such a duty exists is a question of law. *Id.* Thus, in order to affirm the decision of the trial court, we would be required to hold that under the facts alleged in this case, the law imposed a duty upon the Princes to provide traffic control, issue warnings, or take other action to protect Flanigans from being struck by a vehicle not under

Princes' control while Flanigans were walking along the highway on their way to Princes' flea market. In our opinion, the law imposes no such duty.

Although no Indiana case deals directly with the specific issue presented here, the case of *Blake v. Dunn Farms* (1980), 274 Ind. 560, 413 N.E.2d 560, is instructive. There, a tenant's horse escaped from the premises and got onto a public highway at night where the horse was struck by the plaintiff's car resulting in the plaintiff's injury. In absolving the landowner from liability our supreme court specifically rejected the plaintiff's contention that the duty of a landowner to a person on an adjacent road is similar to that of a landowner to a business' invitee. 274 Ind. at 567, 413 N.E.2d at 564. The court in *Blake*, further stated:

"Here, the owner of the property had no relationship to the agency causing the problem, and no duty to investigate to determine if there was a problem, emergency, or dangerous condition. To hold otherwise would place a duty on a property owner to continually inspect the perimeters of his property, particularly along an adjacent highway, to make sure that dangerous conditions do not arise for those traveling on the highway."

274 Ind. at 566–67, 413 N.E.2d at 564.

Here, as in *Blake*, the owners of the property, the Princes, had no relationship to the agency (the vehicle which struck the Flanigans) causing the injury. To impose liability upon Princes, under the circumstances of this case, for the acts of a third party over whom they had no control, and which occurred not on their property but on a public highway over which they had no control would clearly be contrary to the principles announced in *Blake*. Further, such a rule is contrary to decisions from other jurisdictions which have addressed the precise issue involved here.

In *Laufenberg v. Golab* (1982), 108 Ill. App.3d 133, 63 Ill.Dec. 875, 438 N.E.2d 1238, the Illinois Appellate Court was faced with a factual issue nearly identical to the one in this case. There, the plaintiff Lau-

fenberg who raced horses at the Maywood Park race track was crossing a public street enroute to the stable area at the track when struck by an automobile driven by Golab. Laufenberg's complaint against Maywood Park Trotting Association, the track owner, alleged that the Association "had a duty to provide safe access across said 5th Avenue from the stable areas located on either side of 5th Avenue," and that the Association "negligently and carelessly failed to provide adequate and safe conveyance across the aforesaid 5th Avenue." The complaint further alleged the Association's failure to exercise reasonable diligence, failure to have signals in the vicinity of the intersection, and failure to furnish adequate crossing guards and failure to maintain a cross-walk. 63 Ill.Dec. at 876–77, 438 N.E.2d at 1239–40. The Appellate Court of Illinois held the complaint failed to state a cause of action.

The court in *Laufenberg* reiterated the rule that in order for there to be negligence, there must be a duty, and that whether a duty exists is a question of law. *Laufenberg*, 63 Ill.Dec. at 877, 438 N.E.2d at 1240. The court reviewed several cases and concluded no legal duty existed. The court stated:

"The dispositive point of differentiation between each and all of these authorities and the case at bar is the fact that in all of these other cases there was a physical defect of some kind either in the premises as such, or in an area very close to the premises. Absolutely to the contrary, in the case at bar, the injuries allegedly suffered by plaintiff have no connection of any kind with the physical condition of the roadway but resulted entirely from the intervention of an independent factor beyond the control of the defendant. We find no legal duty in this regard."

63 Ill.Dec. at 878, 438 N.E.2d at 1241.

*Laufenberg* is authority for the proposition that generally the owner of commercial premises adjacent to a public highway owes no duty to a patron who was injured when struck by an automobile as that pa-

tron was crossing or walking upon or along such highway.[1] We declare such to be the law in Indiana.

The case of *Nava v. McMillan* (1981), 123 Cal.App.3d 262, 176 Cal.Rptr. 473, additionally buttresses our opinion. There, the plaintiff, who was frightened by the barking of guard dogs behind a fence on the defendant's properties, stepped from the sidewalk into the street where she was struck by a vehicle. The California court held no cause of action was stated against the property owners. The court said: "The duty of a land owner or possessor of land to exercise ordinary care in the management of his property usually does not extend to persons outside the land, on adjacent property, or on a sidewalk or highway." 123 Cal.App.3d at 266, 176 Cal.Rptr. at 476.

Therefore, we hold that Princes' motion for summary judgment should have been granted.

*Issue Two*

■ It has been held that civil liability of a governmental unit may not be predicated upon a duty owed to the public generally, but only upon a private duty which must be particularized as to an individual. *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871, *trans. denied; Crouch v. Hall* (1980), Ind. App., 406 N.E.2d 303, *trans. denied.* In *Simpson's Food Fair,* this court affirmed the dismissal of a complaint by a retail grocery against the city wherein the grocery claimed it sustained huge losses by reason of the failure of the city police to halt a crime waive. In *Crouch,* we upheld summary judgment for police officers who were sued for damages by the mother of a deceased rape victim based upon alleged failure of the officers to investigate a prior rape of another person by one Hall and to detect and apprehend Hall who raped and killed the daughter. There, we followed the overwhelming majority rule that liability to an individual for damages will not lie where the officer or public body owes a duty to the public generally. *Id.,* 406 N.E.2d at 304. We further held the police owed no special duty to the victim. Rather, the duty owed in the rape investigation was to the general public. *Id.* at 305. Here, if there was any duty owed by the state police, it was owed to the general public, not to the Flanigans individually. *Crouch; Simpson's Food Fair.* Consequently, no private duty being owed to Flanigan's, the State of Indiana is not liable.

*Issue Three*

■ The *Indiana Tort Claims Act,* in relevant part, provides:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

---

1. The Appellate Court of Illinois in *Laufenberg,* 63 Ill.Dec. 875, 438 N.E.2d 1241, did state:

"Plaintiff urges, however, that defendant undertook to assume the duty of the safety of persons crossing the public street between the stable area and the race track operated by defendant. Therefore, plaintiff argues, even though the duty was undertaken gratuitously, the person who assumed it was obliged to discharge said duty with due care. (*Nelson v. Union Wire Rope Corp.* (1964), 31 Ill.2d 69, 74, 199 N.E.2d 769.) This statement may be theoretically correct. However, we find no factual allegation in plaintiff's complaint as amended which could conceivably justify the imposition of a legal duty upon defendant by application of that theory."

This court most recently has recognized that one who gratuitously assumes a duty may become subject to the duty of acting carefully.

*Ember v. B.F.D., Inc.* (1986), 490 N.E.2d 764. *See also Board of Commissioners of Monroe County v. Hatton* (1981), Ind.App., 427 N.E.2d 696, *trans. denied* (a duty may be imposed upon one who by affirmative conduct or agreement assumes to act, even gratuitously.) However, in this case, as in *Laufenberg v. Golab,* it was not alleged that Princes assumed the duty of providing safe travel over and along the highway by pedestrians approaching Princes' flea market. In fact, liability is claimed because of their failure to discharge such a duty. Therefore, no issue of gratuitous assumption of duty is presented, and no legal duty existed. Further, our decision in this case is not affected by the Second District's recent holding in *Ember. Ember* is a case involving gratuitous assumption of a duty and was decided on that basis. The holding in *Ember* should not be extended beyond the factual context of that case.

. . . .

(6) the performance of a discretionary function;

(7) the adoption and enforcement of or a failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment; . . ."

Indiana Code section 34–4–16.5–3.

Any decision by the state police whether or not to patrol the area or provide traffic control for the benefit of pedestrians clearly involves the performance of a discretionary act. The decision to enforce or not to enforce a law is discretionary, and neither a police officer nor a governmental unit is civilly liable for it. *Sports, Inc. v. Gilbert* (1982), Ind.App., 431 N.E.2d 534, *trans. denied.*

 The language of the Tort Claims Act is clear. The State of Indiana and its employees are not liable for losses resulting from the enforcement of or failure to enforce a law, unless enforcement constitutes false arrest or false imprisonment. *Seymour National Bank v. State* (1981), Ind., 428 N.E.2d 203 (opinion on rehearing).[2] Any decision by the state police whether or not to patrol the area of Princes' flea market or to provide traffic control would be a decision on whether or not to enforce the law. Such an act clearly is within and protected by the immunity granted by the Tort Claims Act. *Seymour National Bank.*

Because the State of Indiana owed no private duty to the Flanigans as we held in our decision on Issue II, and because the state is immune from liability under Ind. Code sec. 34–4–16.5–3, judgment on the pleadings in favor of the state was appropriate.

Judgment reversed and cause remanded to the trial court with instructions to grant Princes' motion for summary judgment and to grant the State of Indiana's motion for judgment on the pleadings.

ROBERTSON, P.J., concurs.

NEAL, J., concurs with opinion.

NEAL, Judge, concurring.

Recently this court handed down an opinion in *City of Tell City, Indiana v. John Brian Noble, et al* (1986), Ind.App., 489 N.E.2d 958, Ind.App. No. 4–1184 A 322, in which we held that the decision to erect or not erect a stop sign was immune under IND.CODE 34–4–16.5–3(6) and (7). U.S. Highway 41 is a state road and any decision to erect or not erect traffic control devices or crosswalks is likewise immune.

Additionally, in *Tell City* we analyzed the statutes on traffic control under IND. CODE 9–4–1–38 and Princes had no right whatever to erect any traffic control device, warning or crosswalk on U.S. Highway 41. Therefore, no duty, or even means, was available to Princes to aid Flanigan's crossing at the road.

---

**2.** Immunity may not exist if the acts of the officer are so outrageous as to be incompatible with the performance of the duty undertaken.

*Seymour National Bank v. State* (1981), Ind., 428 N.E.2d 203, 204. No such question is involved in this case.