**GARY POLICE DEPARTMENT and the City of Gary, Appellants–Defendants,**

v.

**Robert LOERA & Helen Loera, Appellees–Plaintiffs.**

No. 45A03–9205–CV–140.

Court of Appeals of Indiana, Third District.

Dec. 8, 1992.

Hamilton L. Carmouche, Gary, for appellants-defendants.

---

C. Jerome Smith, Hammond, for appellees-plaintiffs.

GARRARD, Judge.

On January 22, 1985, between 6:30 and 7:00 A.M. Robert Loera ("Loera") was involved in an automobile accident.[1] The accident occurred on Industrial Highway (also known as U.S. 12), the primary link that connects Whiting and East Chicago to Gary.

A few minutes prior to Loera's accident, Robert Halko was also involved in an accident on the same stretch of highway. It was very cold outside and the roads were icy and very slippery. A Gary police officer, investigating a nearby accident, stopped at the scene on his way back to Gary. He informed Halko that his shift was over, but that he would send back another officer. About three or four minutes after the officer left, Loera was driving down the highway. He noticed a dark object, which turned out to be a car from the previous accident, in front of him in the outer lane of the highway. It was not moving and Loera tried to swerve around it. His car, however, went into a slide and collided with the stopped car, swung across the highway, and collided with a car on the other side of the highway. Loera was injured in the accident and had to be hospitalized.

Approximately 45 minutes after Loera's accident, Officer Westmoreland of the Gary Police Department arrived at the scene and called for a state salt truck. He then began directing traffic around the several vehicles that had been in accidents on the highway. There were a number of accidents that occurred even after Officer Westmoreland arrived and he himself was almost hit by a spinning car as he was standing in the roadway.

Loera filed a complaint on December 10, 1985, in the Lake Superior Court alleging that the City of Gary ("the City"), through its police department, was negligent in failing to adequately protect the scene of the accident. On November 12, 1991, the trial court denied the City's motion for a directed verdict based on immunity from liability and on November 13, 1991, the trial court found that the City owed a special duty to Loera when the police first arrived at the scene of the accident. The jury then found for Loera and against the City in the amount of $25,000.00.

The City appeals and we reverse.

The City presents one issue for appeal which we restate as follows: Whether the City of Gary owed a private duty to Loera to protect and warn him of dangerous conditions on the highway.

In order to recover in negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995.

Loera in this case contends that the City owed him a duty to warn and protect him from cars and other debris in the roadway when he arrived at the scene of the accident. The duty to exercise care for the safety of another arises as a matter of law out of some relationship existing between the parties, and it is the province of the court to determine whether such relation gives rise to a duty. *Harper v. Guarantee Auto Stores* (1989), Ind.App., 533 N.E.2d 1258, 1261. However, factual questions may be interwoven with the determination of the existence of a relation, rendering the existence of a duty a mixed question of law and fact, ultimately to be resolved by the fact-finder. *Id.* at 1261–62.

In this case, the facts surrounding the relationship between the City and Loera are not in dispute and therefore the question of duty is one for the court. The facts demonstrate that an unknown police

1. We point out to appellant's counsel that Appellate Rule 8.3(A)(5) calls for a concise summary of the facts. Summarizing the testimony of each witness in sequence does not comply with the rule. *See, e.g., Burnett v. Heckelman* (1983), Ind.App., 456 N.E.2d 1094.

officer stopped at the scene of the accident prior to Loera's arrival and stated that he was going off duty but that he would send another officer back to the scene. The officer spoke only to the persons involved in the previous accident and never spoke to or met Loera. Loera contends that these facts gave rise to a private duty on the part of the City to secure the accident scene and make it safe for Loera. We disagree.

In general there are two types of duty, public and private, that can arise in this kind of situation. *Simpson's Food Fair, Inc. v. City of Evansville* (1971), 149 Ind.App. 387, 272 N.E.2d 871, 873, *trans. denied.* If the duty which the official authority imposes upon a police officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public not an individual injury, and must be redressed, if at all, in some form of public prosecution. *Id.* On the other hand, if the duty is a duty to the individual, then a neglect to perform it, or to perform it properly, is an individual wrong, and may support an individual action for damages. *Id.* To be private, a duty must be particularized to an individual. *Id.* at 874. Therefore, in order for liability to attach to a defendant, the plaintiff must demonstrate that the officer or public body owes a specific duty or has a special relationship to the injured individual.[2] *Crouch v. Hall* (1980), Ind.App., 406 N.E.2d 303, 304, *trans. denied.*

In the case at bar, no special relationship existed between the City or the unknown officer and Loera that would give rise to a private duty. If there was any duty owed by the City or the police in this case, it was owed to the general public. For example, in *State v. Flanigan* (1986), Ind.App., 489 N.E.2d 1216, 1219, the court held that no private duty was owed by the State police to provide traffic control so that pedestrians walking along a highway could walk in safety. In *Crouch, supra,* the court held that the police did not owe a private duty to a deceased rape victim to investigate the rape of a third party and thereby help to prevent the rape and murder of the victim. The duty owed in the rape investigation was to the general public. *Id.* at 305. Finally, in *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1187–88, this court found that no special relationship existed between the victims of a fire and the fire department. The fire department's attempt to extinguish the fire was made in response to its general duty to protect the safety and welfare of the public and was not a private duty to any one victim. *Id.* It was, rather, the same as the duty owed to any other citizen. *Id.*

The cases cited above all stand for the majority position that liability to an individual for damages will not lie where the officer or city simply owes a duty to the public generally. *Flanigan, supra* at 1219. In this situation the duty owed, if any, by the City or the unknown officer was one to the general public and not individually to Loera. This is especially true where, as here, the unknown officer had never met Loera and did not and could not have known Loera would be traveling the same stretch of highway. He could have known only that the public generally would be at risk. The trial court therefore erred as a matter of law by holding that the City owed a duty individually to Loera in this situation.

Because there can be no liability in the absence of a duty, we reverse the jury verdict entered in favor of Loera and remand to the trial court with instructions to enter judgment for the defendants.

HOFFMAN and CHEZEM, JJ., concur.

---

**2.** It has also been held that the determination of general duty versus special duty is a matter of law for the court to decide. *See Crouch, supra* at 305 n. 1.