**Thomas VAN ETTEN, Appellant–Plaintiff,**

v.

**Kosta L. FEGARAS, et al.,
Appellees–Defendants.**

No. 46A04–0309–CV–440.

Court of Appeals of Indiana.

Feb. 18, 2004.

Rehearing Denied April 12, 2004.

Thomas Van Etten, Michigan City, IN, Appellant Pro se.

Donald W. Pagos, Michigan City, IN, Attorney for Appellees.

## OPINION

BAKER, Judge.

Appellant-plaintiff Thomas Van Etten appeals the entry of summary judgment in favor of appellees-defendants Kosta L. Fegaras and Galveston Steakhouse, Inc. (Steakhouse) as to his claim for negligence and assault. Van Etten raises seven issues, which we restate as one dispositive issue: whether the trial court erred in granting summary judgment in favor of Fegaras and the Steakhouse. Finding that there are genuine issues of material fact, we reverse the decision of the trial court and remand this case for further proceedings.

### FACTS

On the evening of January 30, 1997, Van Etten entered the Steakhouse, which is a family-owned restaurant with a southwestern theme in Michigan City. Van Etten had begun to celebrate his birthday, which was January 31, at Basil's, where he had consumed two martinis in approximately one-half hour. Van Etten entered the Steakhouse at approximately 10:40 p.m., went to the bar, and spoke to Randy Dompke, the bartender. Van Etten told Dompke that in approximately twenty minutes it would be midnight in New York, and therefore his birthday. Van Etten then had several more martinis at the Steakhouse in celebration of his birthday.

Van Etten became more intoxicated, and, while walking through the bar, he either fell or was tripped near a table. This incident caused Nicole Duran, a patron seated at the table, to fall from her chair and hit her head on the floor. A commotion amongst Van Etten and the other patrons ensued. At that point, employees of the Steakhouse, including Fegaras who is manager and part-owner of the Steakhouse, escorted Van Etten out of the restaurant. Van Etten claims that Fegaras then struck him in the right leg with a large statue of a Native American, which Van Etten described as being approximately thirty inches tall with a full headdress and a rawhide fringe outfit. Fegaras, however, contends that Van Etten slipped and fell on ice outside. In either case, Van Etten received two surgeries to repair damage to his right leg over the next twenty months.

The police and an ambulance arrived shortly after the incident took place. Van Etten told the ambulance personnel that his leg was injured when someone sat on it during a fight. In the Emergency Room, Van Etten informed a police officer that he had been jumped from behind by a white male wearing a cook's uniform, but he could not remember how he got outside the restaurant or into the ambulance. An alcohol test performed on Van Etten upon his admission to the Emergency Room revealed that he had a blood alcohol level of 0.216 gram per 210 liters of breath.

On January 22, 1999, Van Etten filed a complaint and demand for a jury trial against Fegaras and the Steakhouse, alleging that Fegaras "negligently and/or intentionally assaulted Plaintiff by striking Plaintiff in the leg with a large statue." Appellant's App. p. 8. On November 1, 2000, Fegaras and the Steakhouse filed a motion for summary judgment, alleging that there were no genuine issues of material fact, inasmuch as Van Etten's affidavit was the only evidence that supported his theory of the case. The trial court denied this motion for summary judgment. After conducting further discovery, Fegaras and the Steakhouse filed a second motion for summary judgment, citing a case from the Southern District of Indiana that stated, "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Sedwick v. Togo West*, 92 F.Supp.2d 813, 815 (S.D.Ind. 2000). Fegaras and the Steakhouse alleged that Van Etten's evidence was "at most, merely colorable." Appellee's App. p. 46. After a hearing, the trial court granted summary judgment on July 21, 2003. One week later, Van Etten filed a "Motion to Reconsider Summary Judgement [sic]." The trial court denied Van Etten's motion on August 13, 2003, and entered a final judgment against Van Etten. Van Etten now appeals.

## DISCUSSION AND DECISION

■ Initially, we note that when reviewing the grant or denial of a summary judgment motion, we apply the same legal standard as the trial court. *Mattingly v. Warrick County Drainage Bd.*, 743 N.E.2d 1245, 1247 (Ind.Ct.App.2001). As we stated in *Little Beverage Co., Inc. v. DePrez*, 777 N.E.2d 74, 77–78 (Ind.Ct.App.2002):

[S]ummary judgment is appropriate when no designated genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. . . . A party appealing the denial of summary judgment carries the burden of persuading this court that the trial court's decision was erroneous. The movant must demonstrate the absence of any genuine issue of fact as to a determinative issue and only then is the non-movant required to come forward with contrary evidence. This court may not search the entire record but may only consider the evidence that has been specifically designated. All pleadings, affidavits, and testimony are construed liberally and in a light most favorable to the nonmoving party.

(citations omitted). In contrast, the federal standard for summary judgment is as follows:

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. A mere scintilla of evidence does not suffice to defeat summary judgment. Not every factual dispute creates a barrier to summary judgment. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

*Sedwick v. Togo West*, 92 F.Supp.2d 813, 816 (S.D.Ind.2000) (internal citations omitted).

Our supreme court has held that a party who has been examined at length on deposition cannot raise an issue of fact simply by submitting an affidavit contrary to his own prior testimony because it would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact. *Gaboury v. Ireland Road Grace Brethren, Inc.*, 446 N.E.2d 1310, 1315 (Ind.1983). This holding was extended in *Keesling v. Baker & Daniels*, where a panel of this court stated, "[a] non-movant may not create issues of fact by pointing to affidavit testimony which contradicts the witness's sworn testimony in a prior deposition." 571 N.E.2d 562, 568 (Ind.Ct.App.1991). *Accord Schlosser v. Rock Industries, Inc.*, 796 N.E.2d 350, 359 (Ind.Ct.App.2003).

Additionally, we note that hearsay is generally not admissible, Ind. Evidence Rule 802, and is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). However, a statement is not hearsay if it is a statement made by a party that is offered into evidence against him. Evid. R. 801(d)(2).

■ While it is true that Van Etten may not create an issue of fact simply by submitting an affidavit that contradicts earlier statements, the affidavit is not the only evidence that supports his theory of the case. The ambulance report shows that Van Etten told the EMTs shortly after the occurrence that he had been injured during a fight. Appellee's App. p. 48–49. Moreover, the report of the police officer at the scene demonstrates that Van Etten told the police that he had been attacked from behind by a man in a cook's uniform. Appellee's App. p. 17. Although these statements would ordinarily be hearsay, they are admissions by a party opponent—the Plaintiff in this case—and are

therefore excepted from the hearsay rule. Evid. R. 801(d)(2). It is the prerogative of the finder of fact to determine the probative value of this evidence inasmuch as causation is an issue of fact to be determined by the jury. *Sizemore v. Templeton Oil Co., Inc.*, 724 N.E.2d 647, 651 (Ind.Ct.App.2000). The issues of fact in this case should not have been determined by judicial fiat, and thus the trial court erred in granting summary judgment.

■ We recognize that under the federal summary judgment standard that was proposed by Fegaras and the Steakhouse in their second motion for summary judgment and apparently employed by the trial court in granting that motion, this case would be a good candidate for summary judgment. Under the federal standard, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Sedwick*, 92 F.Supp.2d at 816. Thus, if it appears unlikely that the non-movant will win the case, summary judgment may be granted in federal court.

■ However, the Indiana standard sets a higher bar in order to win summary judgment. It is entirely the burden of the movant to demonstrate the absence of any genuine issue of fact as to a determinative issue, and only then is the non-movant required to come forward with contrary evidence. *Little Beverage*, 777 N.E.2d at 77–78. Additionally, we construe the evidence liberally and in a light most favorable to the nonmoving party. *Id.* There is no requirement that the non-movant produce sufficient contrary evidence to allow the possibility that he will win his case. He merely must show that there is *some* admissible evidence that creates a genuine issue of material fact to prevent the trial judge from granting summary judgment in an Indiana court. As demonstrated above,

Van Etten has carried that burden in this case.

We therefore reverse the decision of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM, J., and MAY, J., concur.