# Order

Michigan Supreme Court
Lansing, Michigan

October 2, 2020

158903

FRANK ANTHONY SCOLA,
        Plaintiff-Appellant,

v

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, and JP MORGAN CHASE &
CO.,
        Defendants-Appellees,
and

KATHLEEN SCOLA, ESTATE OF JOHN
BARROW BROWN, and CITY OF WAYNE
        Defendants.

_____/

SC:  158903
COA:  338966
Wayne CC:  15-002804-NI

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On December 11, 2019, the Court heard oral argument on the application for leave to appeal the October 4, 2018 judgment of the Court of Appeals.  On order of the Court, the application is again considered.  MCR 7.305(H)(1).  In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the January 31, 2017 order of the Wayne Circuit Court, and REMAND this case to the Wayne Circuit Court for further proceedings.

The plaintiff was injured in a head-on collision after his mother, the driver of the vehicle in which he was riding, turned the wrong way onto a one-way street when exiting the defendants' parking lot.  The plaintiff sued the defendants in part for negligence, asserting that the bank had a duty to warn exiting drivers that they were turning onto a one-way street.  The circuit court granted summary disposition to the defendants under MCR 2.116(C)(10), finding that the action sounded in premises liability and concluding that the defendants did not have a duty to post warning signs because any danger associated with turning the wrong way on a one-way road was open and obvious.  The Court of Appeals affirmed the circuit court in a split decision.

The issue we consider is whether the plaintiff's complaint sounded in premises liability or ordinary negligence.  When determining the gravamen of an action, we must read the whole complaint and look beyond its labels to determine the nature of the claim. *Altobelli v Hartmann*, 499 Mich 284, 299 (2016).  This plaintiff's complaint sounds in ordinary negligence.

Premises liability is conditioned on the presence of both possession and control over the land.  *Merritt v Nickelson*, 407 Mich 544, 552 (1980).  "The invitor's legal duty is to exercise reasonable care to protect invitees from an unreasonable risk of harm

*caused by a dangerous condition of the land* that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609 (1995) (quotation marks and citations omitted; emphasis added). Here, the dangerous condition that caused the plaintiff's injury—oncoming one-way traffic on a public street—was not on the defendants' land. As such, the defendants owed no duty under premises liability principles to protect the plaintiff from that hazard.

The gravamen of the plaintiff's complaint is that the defendants assumed responsibility for placing traffic control signs on the bank's premises but failed to warn exiting motorists that the parking lot exit required motorists to turn onto a one-way street. In essence, the plaintiff claimed that although he was injured by a hazard outside of the defendants' land, the defendants nevertheless owed or assumed a duty to warn him of that danger. If such a duty exists, an issue we do not reach, it arises under principles of ordinary negligence, not premises liability.

ZAHRA, J. (*dissenting*).

I respectfully dissent. I agree with the Court of Appeals' conclusion that plaintiff's claim sounds in premises liability given that plaintiff's allegations pertain to defendants' failure as a premises owner to make its premises safe. The Court of Appeals majority appropriately rejected plaintiff's argument that the open and obvious danger doctrine does not apply because the subject one-way road was not located on the bank's premises by reasoning that "the alleged dangerous condition, the lack of warning signage at the exit driveway, was located (or should have been located, according to plaintiff) on the bank's premises." *Scola v JP Morgan Chase Bank*, unpublished per curiam opinion of the Court of Appeals, issued October 4, 2018 (Docket No. 338966), p 4. Accordingly, I agree with the majority that "application of the open and obvious doctrine to the lack of signage regarding the one-way nature of Michigan Avenue is not precluded." *Id*. Because I further agree with the majority's conclusion that the lack of signage indicating the one-way nature of Michigan Avenue was open and obvious and that no special aspects of the parking lot removed it from the open and obvious danger doctrine, I would deny leave to appeal.

MARKMAN, J., joins the statement of ZAHRA, J.

VIVIANO, J. (*dissenting*).

I dissent from the majority's decision because I believe that plaintiff's complaint sounds in premises liability. And, under that cause of action, I would hold that defendants are entitled to summary disposition under MCR 2.116(C)(10).

When plaintiff filed his complaint against defendants for "negligence," he did not specify whether he was seeking to recover under ordinary negligence or premises

liability. In determining which claim plaintiff has raised, we must look past the labels to the gravamen of the complaint. *Trowell v Providence Hosp & Med Ctrs, Inc*, 502 Mich 509, 529-530 (2018) (opinion by VIVIANO, J.). According to the majority, the nub of a premises-liability claim is that a dangerous condition exists on the defendant's land. Because the alleged hazard here only adjoined defendants' property, the majority concludes that the complaint sounds in ordinary negligence. I disagree.

It is true that, in this context, ordinary negligence claims concern "the overt acts of a premises owner on his or her premises," whereas an allegation of "injury by a condition of the land . . . sounds exclusively in premises liability." *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914 (2010). But here, plaintiff is not focused on defendants' actions. Rather, the gist of the claim is that defendants failed to act; specifically, they failed to warn that the adjacent street, Michigan Avenue, was one-way. The allegations concern what defendants should have done on their land: "post signs and other traffic control devices and warnings in the parking lot/driveway where it meets West Michigan Avenue and in such other positions and places as to give adequate warning of the dangers created when a driver is entering the roadway from its private driveway" and "design, construct[], and maintain . . . its parking lot/driveway where it meets West Michigan Avenue so that entering West Michigan Avenue would be reasonably safe and convenient for public travel."

This emphasis on defendants' omission removes this claim from the realm of ordinary negligence. "It is axiomatic that there can be no tort liability unless [a] defendant[] owed a duty to [a] plaintiff." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660 (2012) (alterations in original; quotation marks and citations omitted); see also *Composto v Albrecht*, 328 Mich App 496, 500 (2019) ("Under ordinary-negligence principles, a defendant owes a plaintiff a duty to exercise ordinary care under the circumstances."). The negligence standard does not generally impose a duty to act, but only requires that individuals use reasonable care when they do act. 2 Restatement Torts, 2d, § 314, p 116; 2 Restatement Torts, 3d, Physical & Emotional Harm, § 37, comment *c*, p 3.[1] As we have stated, "It is a basic principle of negligence law that, as a general rule, 'there is no duty that obligates one person to aid or protect another.' " *Bailey v Schaaf*, 494 Mich 595, 604 (2013) (citation omitted); see also 2 Dobbs, Hayden & Bublick, Torts (2d ed), § 405, p 651 ("Absent special relationships or particular circumstances or actions, a defendant is not liable in tort for a pure failure to act for the plaintiff's benefit."). An exception to this general rule is that the "common law imposes a duty of

---

[1] The Third Restatement jettisons the "act" and "omission" terminology but continues to focus on "whether the actor's entire conduct created a risk of harm." 2 Restatement Torts, 3d, Physical & Emotional Harm, § 37, comment *c*; cf. *Moning v Alfono*, 400 Mich 425, 438-439 (1977) (explaining that an actor may be liable if his or her conduct "create[s] a risk of harm to the victim" and the injury caused was "foreseeable").

care when a special relationship exists." *Bailey*, 494 Mich at 604. One such relationship is that between landowners, including merchants, and their invitees. *Id*.; see also *United Scaffolding, Inc v Levine*, 537 SW3d 463, 471 (Tex, 2017) ("[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe.") (quotation marks and citations omitted).

Plaintiff's claim is premised on this relationship. He does not allege that defendants took any negligent *action* that created a risk of harm. Rather, at base, he says that defendants' failure to act caused the harm. But this assumes that defendants had some duty to act. The only possible source of such a duty would be plaintiff's status as an invitee on defendants' land.[2] In other words, the danger arose from defendants' pure omission. And although the majority suggests the dangerous condition was the one-way street, plaintiff does not assert that the street, by itself, constitutes such a hazard. Rather, the street became hazardous because of things defendants failed to place on their own land such as signals or markings. For these reasons, plaintiff's claim sounds in premises liability, not ordinary negligence. And, because defendants had no duty to act, any ordinary negligence claim is doomed to fail.

My characterization of the complaint also finds support in the numerous cases and treatises that have addressed similar claims under a premises-liability framework. These sources likewise show why that claim fails here. The "traditional view—still the decided majority—weighs against imposing a duty to warn or otherwise protect tenants from dangers of traffic on adjacent streets over which the landlord has no right of possession, management, or control." *Guerrero v Alaska Housing Fin Corp*, 123 P3d 966, 971-972 (Alas, 2005) (quotation marks and citation omitted).[3] And, with regard to public

---

[2] I will assume, like the trial court and Court of Appeals, that plaintiff had implied consent to enter the parking lot and was therefore an invitee. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597 (2000). Because invitees are owed "the highest level of protection under premises liability law," it is unnecessary to determine whether plaintiff falls within some other class of visitor. *Id*. at 597.

[3] See, e.g., *Galindo v Clarkstown*, 2 NY3d 633, 636 (2004) (recognizing the general principle of New York law that "an owner owes no duty to warn or to protect others from a defective or dangerous condition on neighboring premises, unless the owner had created or contributed to it"); *Sisk v Union Pacific R Co*, 138 SW3d 799, 808 (Mo App, 2004) ("[The landowner] has no such duty [to warn of a dangerous condition on adjacent property] and is not liable for allegedly dangerous conditions on adjacent property that it does not own or exclusively possess or control."); *McMann v Benton Co, Angeles Park Communities, Ltd*, 88 Wash App 737, 742-743 (1997) (noting this to be the majority rule and collecting cases); *Cruet v Certain-Teed Corp*, 639 A2d 478, 482 (Pa Super, 1994)

highways specifically, the duty to maintain safety generally rests with the government rather than private landowners. 2 Restatement Torts, 2d, § 349, p 230; MCL 224.21(2); MCL 691.1402. The minority rule, by contrast, applies a "totality of the circumstances" test that "considers possession, management, and control over conditions at the accident site to be relevant factors but does not make their absence dispositive as a matter of law." *Guerrero*, 123 P3d at 972 (quotation marks and citation omitted); cf. *Wilmington Country Club v Cowee*, 747 A2d 1087, 1092 (Del, 2000) (holding that the duty to provide safe ingress and egress encompassed "the duty to warn or protect against hazards on adjacent property").[4]

This Court has not yet weighed in on the split. Like the majority of jurisdictions, however, we have generally recognized that the determinative factor justifying and defining the scope of premises liability is the "control that a possessor of

_____

(stating that a defendant business has "no duty to control the movement of vehicles on the public highway or warn of dangerous conditions thereon"); *MacGrath v Levin Props*, 256 NJ Super 247, 253 (1992) (reasoning that a defendant landowner owes "no duty to maintain the public way or warn pedestrians of the apparent dangers of crossing this well-travelled highway"); *Jump v Bank of Versailles*, 586 NE2d 873 (Ind App, 1992) (concluding that a business owner owed no duty to an invitee when the dangerous condition occurred outside the owner's land); *Owens v Kings Supermarket*, 198 Cal App 3d 379, 386 (1988) ("The courts . . . have consistently refused to recognize a duty to persons injured in adjacent streets or parking lots over which the defendant does not have the right of possession, management and control."); *McKinney v Hartz & Restle Realtors, Inc*, 31 Ohio St 3d 244, 250 (1987) ("No common-law provision or Ohio statute imposes a duty on a landlord to fence rental property to protect tenants from traffic on adjacent streets or roads."); 65A CJS, Negligence, § 410, p 212 ("An owner or occupier of land generally owes no duty to warn or protect others from a dangerous condition on adjacent property unless the owner creates or contributes to such a condition, or the owner has sufficient control over the adjoining property."); 62A Am Jur 2d, Premises Liability, § 579, p 190 ("[T]he owner of premises adjacent to a dangerous condition not caused or maintained by the landowner and over which the landowner has no control has no duty to erect fencing or provide warnings so as to deter persons from entering a third party's property.").

[4] Certain cases focus more specifically on whether a landowner's duty to provide safe entry and exit to the premises includes a duty to warn of hazards on adjoining property. See, e.g., *Wilmington Country Club*, 747 A2d at 1092 (finding such a duty to warn); *Sizemore v Templeton Oil Co, Inc*, 724 NE2d 647, 653 (Ind App, 2000) (holding that the duty as to ingress and egress applies only to conditions "created by or related to a defendant's use of his own property"). But even courts following the minority rule in such circumstances will not find a duty with regard to open and obvious hazards on adjacent lands. See *Wilmington Country Club*, 747 A2d at 1092.

premises . . . exerts over the premises." *Bailey*, 494 Mich at 604. Consequently, the duty extends to "areas over which [the defendants] exert control." *Id*. at 605. We have also recognized that landowners have a duty to provide safe entry onto and exit from their property. See *Perl v Cohodas, Peterson, Paoli, Nast Co*, 295 Mich 325, 330 (1940). But we have never suggested that this duty requires warnings about adjacent property—in fact, we have indicated the opposite. *Woods v White Star Line*, 160 Mich 540, 544 (1910) ("[O]ne inviting another upon his premises must use care to prevent injuries, by keeping the premises in a reasonably safe condition, and to keep in repair all ways for ingress and egress which it holds out or recognizes as such *upon its own grounds* to one who uses it in reliance upon a belief that the company has provided or so holds it out.") (emphasis added). The Court of Appeals has declined to find a duty when the hazardous condition—a tree obscuring the view of a highway—was located just off the defendant's property and the defendant had not undertaken any responsibility for maintaining the tree. *Stevens v Drekich*, 178 Mich App 273 (1989); compare *Langen v Rushton*, 138 Mich App 672 (1984) (finding a duty for an accident on an adjacent highway that resulted from a tree located on the defendant's property).

We need not resolve the issue in this case because, even under the minority approach, the duty applies only to conditions that are not obvious. See *Polak v Whitney*, 21 Mass App 349, 353 (1985); *Wilmington Country Club*, 747 A2d at 1092; 65A CJS, Negligence, § 525, p 348. Our caselaw shows that the open-and-obvious doctrine would have the same effect in Michigan. We have, for example, applied the doctrine in a case involving a dangerous condition at the entry to a fitness center, noting that "[t]he possessor of land 'owes no duty to protect or warn' of dangers that are open and obvious . . . ." *Hoffner v Lanctoe*, 492 Mich 450, 460 (2012) (citation omitted).

In the present case, applying the majority rule would mean that defendants owed no duty unless they created, contributed to, or controlled the condition causing the risk of harm. Plaintiff has made no showing that defendants had control over the one-way nature of Michigan Avenue or somehow created or maintained that condition. Even under the minority rule, plaintiff's claim is barred by the open-and-obvious doctrine.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. Here, the one-way nature of Michigan Avenue was undoubtedly open and obvious. There were white dashed lines on the roadway, not yellow ones. The absence of a middle yellow line would indicate that the road was one-way. In addition, plaintiff's mother had just driven past this stretch of Michigan Avenue at its intersection with Wayne Road before she entered and exited defendants' parking lot. One-way signs were posted at that intersection, and a reasonably prudent person who had already passed through that intersection would have seen those

signs.[5] Thus, plaintiff's claim could not survive the open-and-obvious doctrine.

In sum, plaintiff's claim fails as a matter of law and defendants are entitled to summary disposition under MCR 2.116(C)(10). Properly interpreted, the complaint sounds in premises liability. In characterizing the claim as one for ordinary negligence, the majority seems to acknowledge that a premises-liability claim would fail on these facts. By resolving the case in this manner, however, the majority gives short shrift to the complicated issues that arise in premises-liability cases involving adjacent lands. The majority recognizes that possession and control of the dangerous conditions generally determine whether a duty exists under a premises-liability theory. But its brief analysis could be read to foreclose the possibility that the duty extends further, whether due to a landowner's creation or maintenance of a risk outside his or her premises or by virtue of the duty to provide safe ingress and egress. There is no need to render such a broad decision in this case, as plaintiff's claim fails under any existing conception of the duty.

Because this is a premises-liability claim, I see no reason to remand it for further consideration of plaintiff's ill-fated ordinary-negligence allegations. As shown above, the cases and concepts relevant to this case all involve premises liability in a context we have not yet fully addressed. Forcing the trial court to sift through these matters of first impression—which have been fully and fairly presented in this Court—is a confusing outcome and a poor use of judicial resources.

For these reasons, I respectfully dissent.

---

[5] The open-and-obvious doctrine does not apply when "special aspects" make a condition unreasonably dangerous of effectively unavoidable. *Hoffner*, 492 Mich at 461-462. A common condition, however, will not be considered uniquely dangerous. *Id*. at 463. No special aspects were present here. One-way streets are common enough that they do not pose uniquely dangerous conditions. And the condition was avoidable. Plaintiff's mother could have either turned the correct way onto the street or taken another route.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 2, 2020



Clerk

s0929